**FILED**
September 08, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CAV_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | | |
|---|---|---|
| Bryant Lanear Johnson | § | |
| Claimant, | § | |
| v. | § | Civil Action No. 6:24-cv-00501 |
| OFFERMAN & KING, L.L.P. | § | |
| Wrongdoers | § | |

## CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

Claimant respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment against Wrongdoer OFFFERMAN & KING, LLP ("Wrongdoer"), and in support thereof states as follows:

### I. INTRODUCTION

This action arises from Wrongdoer's unlawful debt collection practices, including obtaining and attempting to enforce a foreign judgment based upon forged instruments, fabricated evidence, and defective filings. Wrongdoer has self-admitted its status as a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. See Exhibit A.

The undisputed facts demonstrate:

1. The purported New York judgment Wrongdoer relies upon is void ab initio for lack of jurisdiction, lack of service, and fatal defects in process.
2. Wrongdoer and its agents knowingly submitted and continue to submit forged documents, hearsay, and contradictory affidavits to secure and domesticate the foreign judgment. See Exhibit B, take notice that said affidavits are not under penalty of perjury, and all but one paragraph is missing the closing quote, bringing into question the validity of the document and what, if anything, is the author actually attesting to?
3. Wrongdoer's conduct violates multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e and 1692f.

There is no genuine issue of material fact, and Claimant is entitled to judgment as a matter of law.

## II. UNDISPUTED FACTS

1. Wrongdoer OFFERMAN & KING, LLP has admitted its status as a "debt collector" by issuing collection letters containing FDCPA disclosures, thereby subjecting itself to the Act's requirements. See Exhibit A.
2. Wrongdoer OFFERMAN & KING, LLP has failed to obtain the debt collectors bond required by Texas Finance Code, §392.101.
3. Claimant OBJECTS to any testimony and/or evidence entered by OFFERMAN & KING, LLP, citing Trinsey v Pagliaro 229 F. Supp. 647 (E.D. Pa. 1964).

4. Wrongdoer sought to collect an alleged debt by domesticating a void New York judgment, despite Claimant's residence and lack of contacts with that state.

5. The New York "judgment" presented by Wrongdoer lacks a valid court seal as required under 28 U.S.C. § 1691, and exhibits reversed, cut-and-paste markings that render it facially defective. See Exhibit B. Take notice of the reversed exemplification seal and the fact that the only forward-facing seals are on BLANK pages. All other seals appear reversed as if copied and missing the seal of authority from the issuing court.

6. Wrongdoer introduced documents into evidence in this matter without authentication, including contracts and attachments purportedly signed by Claimant that were never filed in the original New York action and bear no forensic verification of authenticity and would be considered sandbag evidence and inadmissible, and Claimant Objects to them as sandbag evidence.

7. Wrongdoer relies upon a transcript of an alleged "verification of funding" phone call, which contains no signature, no certification, no responses by Claimant, and is inadmissible hearsay.

8. Wrongdoer's affidavit evidence is conflicted and improper, with the same individual acting simultaneously as "Chief Legal Officer" of the creditor and as attorney of record, contrary to basic agency principles. See Exhibit C.

9. Claimant never received a valid Notice of Acceleration or other required notice, constituting a denial of due process under *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983). See Exhibit D, Take notice that Wrongdoer claims to have mailed this via certified mail, but the evidence shows no certified mail number, no

tracking information, no PS form 3811 return receipt and no evidence of the date and time it allegedly entered the mail.

### III. ARGUMENT

**A. Wrongdoer Lacks Standing Due to Agency and Authority Defects**

Wrongdoer has failed to demonstrate proper agency or authority through admissible evidence. Absent proof of agency and chain of title, all filings and representations are void. See *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987). Claimant Objects to all Wrongdoers filings and representations.

**B. The Foreign Judgment Is Void**

The New York judgment is void for lack of jurisdiction and defective process. Even contractual "consent to jurisdiction" provisions cannot confer personal jurisdiction absent minimum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). A void judgment has no legal effect and cannot be enforced.

**C. FDCPA Violations Are Established** - Claimant's loan was converted to a business loan against the will and intent of the consumer.

Wrongdoer's conduct constitutes multiple violations of the FDCPA:

- Misrepresenting legal status, 15 U.S.C. § 1692e(2)(A);
- Using deceptive means and fabricated instruments, 15 U.S.C. § 1692e(10);
- Attempting to collect sums not authorized by contract or law, 15 U.S.C. § 1692f(1).

### D. Damages Are Warranted

Given the egregious nature of Wrongdoer's misconduct—submitting fabricated judgments, false affidavits, and attempting to use void judicial process—statutory damages, actual damages, and exemplary damages are justified to deter similar abuse. See *Heintz v. Jenkins*, 514 U.S. 291 (1995).

### V. CONCLUSION

There is no genuine issue of material fact. Wrongdoer, OFFERMAN & KING, LLP's conduct establishes liability under the FDCPA and renders the foreign judgment void. Claimant is entitled to judgment as a matter of law.

### IV. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that this Court:

1. Grant summary judgment in Claimant's favor;
2. Declare the purported New York judgment void and unenforceable;
3. Strike all defective and inadmissible evidence submitted by Wrongdoer;
4. Award Claimant damages in the amount of Four million three hundred thirteen thousand eight hundred seventy-seven United States Dollars and fifty four cents, **($4,313,877.54)**, pursuant to the FDCPA, including statutory, actual, and exemplary damages;
5. Award Claimant reasonable costs and attorney's fees; and
6. Grant such other relief as this Court deems just and proper.

Dated: 09/05/2025

Respectfully submitted,

By: _____

Bryant Lanear Johnson

6048 Bee Balm Dr.

Fort Worth, Texas, 76123

bj231981@yahoo.com

706-200-8515

## CERTIFICATE OF SERVICES

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was served **via email** and **Certified U.S. Mail #** 9589 0710 5270 1183 7482 36 on this, the ____ day of September, 2025, to the following:

MARK P HENRY for OFFERMAN & KING, L.L.P.

6420 Wellington Place

Beaumont, Texas 77706

mph@offermanking.com

By: *[signature]*

Bryant Lanear Johnson

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| BRYANT LANEAR JOHNSON, | § | |
| Claimant | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:24-CV-00501 |
| | § | |
| OFFERMAN & KING, L.L.P. | § | |
| Wrongdoer. | § | |

# [PROPOSED] ORDER GRANTING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Claimant's Motion for Summary Judgment against Defendant Offerman & King, LLP ("Wrongdoer"), filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Having considered the motion, the supporting exhibits, the record, and applicable law, the Court finds the motion well-taken and hereby **GRANTS** it.

The Court finds and concludes as follows:

1. Defendant Offerman & King, LLP is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.

2. The purported New York judgment relied upon by Defendant is void ab initio for lack of jurisdiction, defective process, and fatal defects in authentication. Said judgment is unenforceable in this Court.

3. Defendant violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692f, by misrepresenting the legal status of the debt, submitting fabricated and inadmissible instruments, and attempting to collect sums not authorized by contract or law.

4. Claimant is entitled to statutory, actual, and exemplary damages, together with costs and attorney's fees, as provided under the FDCPA.

Accordingly, it is ORDERED that:

1. Claimant's Motion for Summary Judgment is **GRANTED** in its entirety;

2. The purported New York judgment is declared **VOID and UNENFORCEABLE**;

3. All defective and inadmissible evidence submitted by Defendant is hereby **STRICKEN** from the record;

4. Judgment is entered in favor of Claimant and against Defendant Offerman & King, LLP in the amount of **$4,313,877.54**;

5. Claimant is further awarded reasonable attorney's fees and costs, to be determined upon separate application pursuant to Local Rule CV 54 and Fed. R. Civ. P. 54(d); and

6. Such other and further relief is granted as the Court deems just and proper; further,

7. Claimant is entitled to post judgment interest of 10% per annum;

8. For which, let execution proceed with all costs payable by the judgment debtor.

SO ORDERED.

Dated: _____, 20

_____

United States District Judge

Bryant Johnson
6048 Bee Balm Dr
Ft. Worth, TX 76123

9589 0710 5270 1183 7482 29

76701

RDC 99

U.S. POSTAGE P.
FCM LG ENV
FORT WORTH, T
SEP 05, 2025
$12.70
S2324A502470-

RECEIVED
SEP 08 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

U.S. District Clerk Office
800 Franklin Ave. Room 800
Waco, TX 76701