UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

BRYANT LANEAR JOHNSON,                    §
                                          §
            Plaintiff,                    §
                                          §
v.                                        §        CIVIL NO. 6:24-CV-00501-ADA-DNM
                                          §
OFFERMAN & KING, LLP,                     §
                                          §
            Defendant.                    §
                                          §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT,
       UNITED STATES DISTRICT JUDGE,

       This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636,

FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the

Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate

Judges. Before the Court is Bryant Lanear Johnson's Motion for Summary Judgment. Dkt. No.

10. For the reasons that follow, the Court **RECOMMENDS** that Johnson's Motion for Summary

Judgment be **DENIED**.

## BACKGROUND

       This Fair Debt Collection Practices Act ("FDCPA") action arises out of efforts to enforce

a New York judgment obtained by Bankers Healthcare Group, LLC ("Bankers") against Johnson.

According to Defendant Offerman & King, L.L.P. ("O&K"), on or about December 12, 2020,

Bankers extended a loan to Johnson pursuant to a "Financing Agreement (Sole Proprietorship)

Promissory Note/Security Agreement/Personal Guaranty" in the original principal amount of

$92,058.12. O&K states that Johnson executed the loan documents as a sole proprietor and,

during the application process, signed multiple documents representing that the loan was for

commercial purposes. O&K further asserts that Bankers' practice is to verbally confirm the purpose of the loan and that a "Verification of Funding" reflects that Johnson's loan was for commercial use, on which Bankers allegedly relied in extending credit.

After Johnson allegedly defaulted, Bankers filed suit against him in New York. O&K states that Johnson was served with the summons and complaint on November 13, 2021, failed to answer, and that the clerk entered judgment against him on August 5, 2022. Bankers later retained James King of O&K to domesticate the New York judgment in Texas. On March 5, 2024, King filed Cause No. 24DCV344996 in the 169th Judicial District Court of Bell County, Texas, seeking domestication of the foreign judgment. O&K asserts that Johnson did not respond in the Bell County action, did not contest the domestication, and that no part of the domesticated judgment has been satisfied.

Johnson filed this federal action against O&K under the FDCPA. Johnson contends that O&K engaged in unlawful debt collection by obtaining and attempting to enforce a void foreign judgment through forged instruments and fabricated evidence, and that they submitted defective filings and utilized unauthenticated materials. He further contends that the New York judgment is void for jurisdictional and procedural defects.

In his Motion for Summary Judgment, Johnson attacks the New York judgment and the efforts to domesticate it in Texas. Johnson argues that the New York judgment is void ab initio for lack of personal jurisdiction, lack of service, and fatal defects in process and authentication. He contends that any contractual consent-to-jurisdiction provision cannot establish jurisdiction absent minimum contacts. He contends that O&K is a "debt collector" within the meaning of the FDCPA because O&K allegedly sent collection communications containing FDCPA disclosures and thereby admitted its status under the Act. He also asserts that O&K failed to obtain the debt-

collector bond required by Texas Finance Code § 392 prior to engaging in the alleged debt collection activities.

Johnson also challenges the facial validity and evidentiary basis of the judgment and related records. He alleges that the New York judgment lacks a valid seal under 28 U.S.C. § 1691, that exemplification materials used in the Texas state court proceeding show reversed or copied seals that cannot be used to domesticate a judgment, that O&K relied on unauthenticated contracts and attachments in the Texas state court proceeding, and that the transcript of an alleged verification-of-funding call is unsigned, uncertified, and inadmissible hearsay. He further contends that O&K and its agents used forged instruments, fabricated evidence, and contradictory affidavits in the Texas state court proceeding, and that he never received a valid notice of acceleration or other required notice prior to the judgment being entered in the New York proceeding. In sum, he claims that his debt to Bankers is void, the New York judgment is improper, the domestication process used in Texas was improper, and the Texas judgment is unenforceable.

Based on those assertions, Johnson contends that O&K violated 15 U.S.C. §§ 1692e and 1692f by misrepresenting the legal status of the debt, using deceptive means, and attempting to collect amounts not authorized by contract or law. He essentially claims that O&K were prohibited from acting to domesticate the New York judgment because of the issues with the underlying debt and the purported flaws in obtaining the New York judgment and that O&K used improper methods to domesticate the New York judgment. He seeks summary judgment on liability, a declaration that the New York judgment is void and unenforceable, exclusion of O&K's evidence, and a monetary award exceeding $4.3 million.

O&K responds that Johnson's motion should be denied because his purportedly undisputed facts are contested, unsupported by sworn testimony, and insufficient to establish any FDCPA violation or any entitlement to damages as a matter of law. O&K further argues that Johnson's motion does not establish the invalidity of the New York judgment or the amount of recoverable damages or fees. In short, O&K argues that Johnson has not provided sufficient competent evidence to support summary judgment.

O&K states that it is a two-attorney law firm that handles various legal matters, including both commercial and consumer debt collection, and acknowledges that there are circumstances in which it would qualify as a debt collector under the FDCPA. But O&K contends that this case concerns a commercial obligation and that its role here was as counsel for Bankers in domesticating an existing judgment, not as a debt collector pursuing a consumer debt covered by the FDCPA. It contends because it was retained to domesticate the New York judgment in Texas, its conduct did not implicate the FDCPA.

O&K also argues that it was not required to maintain a collector's bond because Texas Finance Code § 392.001 excludes attorneys collecting debts on behalf of clients unless their non-attorney employees regularly solicit debts or regularly contact debtors for collection or adjustment, and O&K asserts its non-attorney staff do not engage in that conduct. O&K further contends that Johnson's reliance on various cases is misplaced because O&K's factual submissions are supported by affidavits based on personal knowledge and because O&K is represented by a licensed attorney.

As to the foreign judgment, O&K contends that the New York judgment is valid and subsisting, that Johnson was served in the New York action, and that he defaulted and failed to timely challenge the judgment in New York or in the Bell County domestication proceeding.

O&K argues that Johnson's present objections to the seal, authentication, or notice are impermissible collateral attacks on a final judgment. O&K also maintains that the obligation underlying the judgment was expressly documented as a commercial transaction and therefore does not fall within the FDCPA's definition of "debt."

No discovery had been conducted as of the filing of the Motion for Summary Judgment. Consequently, the parties have not had an opportunity to develop an evidentiary record that could be used to assist in the resolution of the Motion for Summary Judgment. It is not clear if any discovery has taken place since. The parties have not submitted any supplemental briefing or evidentiary materials since the Motion was filed on September 8, 2025.

## APPLICABLE LEGAL STANDARD

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material "only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). In determining whether a genuine dispute of material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted). A genuine dispute exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d

1190, 1194 (5th Cir. 1986). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The Court has no duty to try or decide factual issues; its only duty is to determine whether there is an issue of fact to be tried. *Chappell v. Goltsman*, 186 F.2d 215 (5th Cir. 1950). If a genuine dispute of material fact exists such that a reasonable factfinder could resolve the issue in favor of the party opposing summary judgment, summary judgment must be denied. *National Hygienics, Inc. v. Southern Farm Bureau Life Ins. Co.*, 707 F.2d 183, 186 (5th Cir. 1983).

## ANALYSIS

On the present record, Johnson has not shown that he is entitled to summary judgment. The pleadings reflect unresolved factual and evidentiary disputes concerning the nature of the underlying debt obligation, the legal significance of O&K's communications with Johnson, the validity and effect of the New York judgment, the process used to domesticate that judgment in Texas, and the authenticity or admissibility of the parties' competing materials. These may ultimately be resolved one way or the other, but, at this point, they demonstrate the existence of numerous facts issues on multiple material facts. This precludes summary judgment at this stage.

Most notably, Johnson has not established through competent summary-judgment evidence that O&K meets the statutory definition of a debt collector. Although Johnson relies on FDCPA disclosures in O&K's communications, O&K expressly disputes that such language resolves the issue in this case and contends that the underlying obligation was commercial and outside the FDCPA's scope. Indeed, what is important is whether O&K's conduct falls within the

statutory definition of a debt collector. On this record, those matters cannot be resolved in Johnson's favor as a matter of law.

Johnson also has not presented sufficient evidence to establish the elements of his FDCPA theories as a matter of law. His motion asserts misrepresentation, deceptive means, unauthorized collection activity, and defects in the foreign judgment and related filings, but O&K disputes those assertions, offers a competing factual account, and contends that many of Johnson's arguments amount to an impermissible collateral attack on a state-court judgment. Not only are there competing factual claims, but the existing evidence does not support Johnson's burden. At minimum, the present record reflects genuine disputes that preclude summary judgment for Johnson at this early stage in the lawsuit.

## CONCLUSION

For the above-stated reasons, the Court **RECOMMENDS** that Johnson's Motion for Summary Judgment be **DENIED**.

## OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review

of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

*See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 28th day of May, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE